Jacob S. Wessel, Esq ISB: 7529
THOMSEN HOLMAN WHEILER, PLLC
2635 Channing Way
Idaho Falls, ID  83404
Telephone  (208) 522-1230
Fax  (208) 522-1277
wessel@thwlaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ABBEY SESSIONS, | ) | Case No. CV-2018-155 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT AND DEMAND |
| | ) | FOR JURY TRIAL |
| EASTERN IDAHO HEALTH SERVICES | ) | |
| INC., dba Eastern Idaho Regional Medical Center, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff ABBEY SESSIONS, for cause of action against Eastern Idaho Health Services, Inc.(hereinafter "Eastern Idaho Health Services") doing business as Eastern Idaho Regional Medical Center, states and alleges as follows:

**NATURE OF THE ACTION**

1. This is a claim under Title I of the Americans with Disabilities Act of 1990 to correct unlawful employment practices on the basis of disability, to vindicate Plaintiff's rights and the rights of other qualified people with disabilities to fair treatment and equal opportunity, and to make Plaintiff whole. Plaintiff Abbey Sessions is a qualified individual with a physical

1 - COMPLAINT AND DEMAND FOR JURY TRIAL

impairment, which substantially limits her in one or more major life activities. Eastern Idaho Health Services discriminated against Plaintiff Abbey Sessions in the terms and conditions of her employment by firing her for her disability.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 as amended ("ADA"), 42 U.S.C. § 12117(a) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

3. The employment practices alleged herein were committed in the District of Idaho, County of Bonneville.

## PARTIES

4. Plaintiff is a resident and citizen of the State of Idaho and at all times relevant hereto was a resident of the County of Bonneville.

5. Defendant Eastern Idaho Health Services is an Idaho corporation doing business in the State of Idaho, County of Bonneville.

6. Eastern Idaho Health Services employs and has employed during the relevant period more than 15 employees. At all material times, Eastern Idaho Health Services was and is an employer within the meaning of 42 U.S.C. § 12111(5)(A).

7. Plaintiff Abbey Sessions is a qualified individual with a disability for purposes of 42 U.S.C. § 12112(a), in that she has a physical impairment which substantially limits one or more major life activities.

8. Eastern Idaho Health Services regarded and treated Plaintiff Abbey Sessions as a

person with an impairment that substantially limited one or more major life activities. Plaintiff's ability to perform the essential functions of her position with Eastern Idaho Health Services was limited as a result of the attitude of Eastern Idaho Health Services toward her impairments.

9. Despite her disability, at all relevant times Plaintiff was able to work and qualified for the positions she held with Eastern Idaho Health Services, with or without reasonable accommodation. Plaintiff was fully able to perform the essential functions of the positions she held with Eastern Idaho Health Services.

## PROCEDURAL REQUIREMENTS

10. Plaintiff Abbey Sessions has filed charges of unlawful employment practices with the Equal Employment Opportunity Commission ("EEOC") raising the issues complained of herein.

11. Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") authorizing her to commence a civil action. Plaintiff has filed this complaint within 90 days from the date she received her notice authorizing her to bring actions.

## COUNT I: (DISABILITY DISCRIMINATION)
## (TITLE I OF THE AMERICANS WITH DISABILITIES ACT)

12. Plaintiff incorporates by reference the allegations of paragraphs 1 through 11 as if fully set forth herein.

13. Plaintiff Abbey Sessions began working for Eastern Idaho Health Services in 2002, and was employed by Eastern Idaho Health Services as an Interventional Radiology Technologist, working in Bonneville County, Idaho, until she was terminated in violation of the

Americans with Disabilities Act on April 5, 2017. Plaintiff had time left on her 26 weeks of general medical leave and had an additional 6 weeks of unpaid leave unexhausted at the time of her termination.

14. On April 5, 2017, Plaintiff met with her supervisors Todd Russell, Kaylynne Price, and a representative from Defendant's Human Resources department. In that meeting, Plaintiff told Defendant that she was healthy and ready to go to work full time, but that she still had one more surgery to completely heal from her disability, but she would be back to work full time before her 26 weeks of general medical leave and the remaining 6 weeks of unpaid leave were exhausted. At that meeting, Defendant terminated Plaintiff because of her disability.

15. On January 8, 2018, Defendant was trying to fill Plaintiff's previous position of an Interventional Radiology Technologist, so Plaintiff reapplied. Defendant refused to rehire Plaintiff because of her disability.

16. Eastern Idaho Health Services has refused to accommodate Plaintiff's disability in any way.

17. Plaintiff Abbey Sessions was and is qualified for her position at Eastern Idaho Health Services and was and is able to perform the essential functions of such position.

18. Plaintiff Abbey Sessions was at all times relevant hereto and is a disabled individual within the meaning of the Americans with Disabilities Act in that she has a disability that substantially limits one or more major life activities.

19. Eastern Idaho Health Services engaged in unlawful intentional discrimination against Plaintiff on the basis of disability in the terms and conditions of Plaintiff's employment and in her termination.

20.     As a result of Eastern Idaho Health Services intentional acts alleged herein, Plaintiff suffered emotional distress, mental anguish, embarrassment, loss of dignity and self-esteem, humiliation, and loss of enjoyment of life, resulting in damages in such amount as may be available under applicable law.

21.     Eastern Idaho Health Services acts were done intentionally with an improper, abusive, discriminatory motive, and with reckless indifference to Plaintiff's federally protected rights.  Such conduct should not be tolerated by this society, and punitive damages as determined by a jury and available under applicable law, should be awarded to punish Eastern Idaho Health Services and deter such conduct in the future.

22.     Plaintiff is entitled to attorney fees, expert witness fees, and costs incurred herein, pursuant to one or more of the following statutes: 42 U.S.C. § 1988, 42 U.S.C. § 12205, Idaho Code § 12-120, and any other applicable federal and/or state statute.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court:

1.  To assume jurisdiction over each of the causes set forth herein.
2.  To declare Eastern Idaho Health Services conduct as alleged herein to be in violation of the ADA.
3.  For back pay and benefits from the date of termination to date of trial, in an amount to be proven at trial;
4.  For front pay and benefits from date of trial in an amount to be proven at trial as an equitable remedy in lieu of reinstatement;
5.  For a  permanent injunction enjoining Eastern Idaho Health Services, its owners,

officers, management personnel, employees and all persons in active concert or participation with Eastern Idaho Health Services from engaging in any employment practice which discriminates on the basis of disability;

6. For general damages for Plaintiff's emotional distress in an amount to be proven at trial;

7. For punitive damages in an amount to be proven at trial;

8. For pre-judgment interest at the highest applicable rate upon all amounts found due and owing;

9. For Plaintiff's attorney fees, expert witness fees and court costs incurred in bringing this action; and

10. For such other and further relief as the court deems just and equitable.

DATED April 6, 2018.

THOMSEN HOLMAN WHEILER, PLLC

By:    /s/
Jacob S. Wessel, Esq.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

DATED April 6, 2018.

THOMSEN HOLMAN WHEILER, PLLC

By:    /s/
Jacob S. Wessel, Esq.

6 - COMPLAINT AND DEMAND FOR JURY TRIAL